# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

DONALD SCHIMMER            )

    Plaintiff,            )

    v.            )

JAGUAR CARS, INC.,            )

    · Defendant.            )





## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant JAGUAR CARS, INC. ("Jaguar"), by and through its attorneys, NEAL GERBER & EISENBERG, hereby removes the state court action entitled *Donald Schimmer, Plaintiff v. Jaguar Cars, Inc., Defendant*, Civil Action Case No. 03 L 001813, filed in the Circuit Court of Cook County, Illinois. The complaint was filed on February 13, 2003 and Jaguar was served on February 27, 2003. This Notice of Removal is timely in that it is filed within thirty (30) days of the date of Defendant's receipt of the complaint. A copy of Plaintiff's Complaint and all other process, pleadings and orders served upon Defendant in this action are filed with this Notice as Exhibit A.

Removal is based on a Federal Statute, the Magnuson-Moss Warranty Act, Chapter 15 U.S.C.A § 2301, 2310 et seq.

### PRELIMINARY STATEMENT

1.    Plaintiff Donald Schimmer, (hereinafter "Plaintiff") allegedly purchased a 2000 Jaguar XK8 from Town & Countree Auto Sales, Inc. on January 15, 2000. The vehicle identification number given in the complaint is SAJJA42C7YNA04212.

2.    Shortly after Plaintiff purchased the vehicle, he started experiencing a number of problems with the vehicle.

3.    On February 13, 2003, Plaintiff initiated this suit.

## MAGNUSON-MOSS WARRANTY ACT

4.      The Magnuson-Moss Warranty Act, Chapter 15 U.S.C.A. §2310(3) (hereinafter the "Act") grants Federal jurisdiction and provides a basis for removal of this cause.

5.      Plaintiff's complaint alleges that Jaguar violated the Magnuson-Moss Act by failing to comply with its written warranty.

6.      The value of the vehicle that is the subject matter of this case is $69,513.00.

7.      Chapter 15 U.S.C.A. §2310(3) states the following:

***

(3)     No claim shall be cognizable in a suit brought under paragraph(1)(B) of this subsection...

    (B)     if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit...

8.      The amount in controversy in this case is in excess of $50,000.

9.      All Defendants are in agreement on removal of this matter to the United States District Court, Northern District of Illinois, Eastern Division.

10.     Jaguar's Notice of Removal was filed contemporaneously in the United States District Court, Northern District of Illinois, Eastern Division.

Respectfully submitted,

NEAL GERBER & EISENBERG

By: _Timothy Ray_

One of Jaguar Cars, Inc.'s Attorneys

Timothy Ray
Robert M. Strom
NEAL GERBER & EISENBERG
2 North LaSalle Street,  Suite 2300
Chicago, Illinois 60602
(312) 269-8000
A.R.D.C. #6230099

NGEDOCS:825304.1

# EXHIBIT A

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## LAW DIVISION, COUNTY DEPARTMENT

DONALD SCHIMMER, )
                               )      No.               03L 001813
      Plaintiff,            )      Return Date:    CALENDAR Y
                               )                            BREACH OF CONTRACT
      vs.                   )      **PLEASE SERVE**
                               )      ~~Jaguar Cars, Inc.~~
JAGUAR CARS, INC.,         )      c/o CT Corporation Systems
                               )      **208 S. LaSalle Street, Suite 814**
      Defendant.        )      **Chicago, Illinois 60604**

## SUMMONS

**To the Defendant:**

         **YOU ARE SUMMONED and required:**

         1.      To file your written appearance by yourself or your attorney and pay the required fee in Room 602 of the Richard J. Daley Center, Chicago, Illinois 60602, at or before 9:30 A.M. on *..........................................., 2001.

         2.      To file your answer to the complaint in Room 602 as required by Par. 3(c) in the Notice to Defendant below.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.**

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with Endorsement of service and fees, if any, immediately after service, and not less than 3 days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days before the day of appearance.

THERE WILL BE A FEE:

TO FILE YOUR APPEARANCE,

SINCE CLAIM IS OVER $15,000.00,     FEB 13 2003

THE FEE WILL BE $120.00.         Witness_____,2001

                          DOROTHY BROWN
         Clerk of the Court   CLERK OF CIRCUIT COURT
         FEB 21 2003

         Date of service_____,2001

         (To be inserted by officer on copy left with defendant or other person)

                         SEAL

**Name:**         Krohn & Moss, Ltd.

**Attorney for:** Plaintiff

**Address:**      120 West Madison Street, 10th Floor

**City:**           Chicago, Illinois 60602

**Telephone**     (312) 578-9428

**Atty No.**        33599

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## LAW DIVISION, COUNTY DEPARTMENT

| | | |
|---|---|---|
| DONALD SCHIMMER, | ) | No.    03L 001813 |
| | ) | Return Date:  CALENDAR Y |
| Plaintiff, | ) | BREACH OF CONTRACT |
| | ) | |
| vs. | ) | **PLEASE SERVE** |
| | ) | **Jaguar Cars, Inc.** |
| JAGUAR CARS, INC., | ) | **c/o CT Corporation Systems** |
| | ) | **208 S. LaSalle Street, Suite 814** |
| Defendant. | ) | **Chicago, Illinois 60604** |

### SUMMONS

To the Defendant:

YOU ARE SUMMONED and required:

　　1.　　To file your written appearance by yourself or your attorney and pay the required fee in Room 602 of the Richard J. Daley Center, Chicago, Illinois 60602, at or before 9:30 A.M. on *................................................, 2001.

　　2.　　To file your answer to the complaint in Room 602 as required by Par. 3(c) in the Notice to Defendant below.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.**

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with Endorsement of service and fees, if any, immediately after service, and not less than 3 days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days before the day of appearance.

THERE WILL BE A FEE:
TO FILE YOUR APPEARANCE,
SINCE CLAIM IS OVER $15,000.00,
THE FEE WILL BE $120.00.

Witness_____ **FEB 13 2003** ,2001

_____
Clerk of the Circuit County Court
DOROTHY BROWN
CLERK OF CIRCUIT COURT

Date of service_____,2001
(To be inserted by officer on copy left with defendant or other person)

SEAL

| | |
|---|---|
| **Name:** | **Krohn & Moss, Ltd.** |
| **Attorney for:** | **Plaintiff** |
| **Address:** | **120 West Madison Street, 10th Floor** |
| **City:** | **Chicago, Illinois 60602** |
| **Telephone** | **(312) 578-9428** |
| **Atty No.** | **33599** |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## LAW DIVISION, COUNTY DEPARTMENT

| | | |
|---|---|---|
| DONALD SCHIMMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| JAGUAR CARS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

03L 001813
CALENDAR Y
BREACH OF CONTRACT

### COMPLAINT

NOW COMES the Plaintiff, DONALD SCHIMMER, by and through his attorneys,

KROHN & MOSS, LTD., and for its complaint against Defendant, JAGUAR CARS, INC.

alleges and affirmatively states as follows:

### PARTIES

1.     Plaintiff, DONALD SCHIMMER ("Plaintiff"), is an individual who was at all

times relevant hereto residing in the State of Illinois.

2.     Defendant, JAGUAR CARS, INC. ("Manufacturer"), is a foreign corporation

authorized to do business in the State of Illinois, County of Cook, and is engaged in the

manufacture, sale, and distribution of motor vehicles and related equipment and services.

Manufacturer is also in the business of marketing, supplying and selling written warranties to the

public at large through a system of authorized dealerships, including TOWN & COUNTREE

AUTO SALE, INC. ("Seller").  Manufacturer does business in all counties of the State of Illinois

including Cook County, and maintains offices in the County of Cook, State of Illinois.

## BACKGROUND

3.     On or about January 15, 2000, Plaintiff purchased from Seller a 2000 Jaguar XK8 ("XK8"), manufactured and distributed by Manufacturer, Vehicle Identification No.SAJJA42C7YNA04212, for valuable consideration. (See copy of Plaintiff's Purchase Contract attached hereto as Exhibit "A").

4.     The price of the XK8, including registration charges, document fees and sales tax, and excluding collateral charges, such as bank and finance charges, totaled more than $69,513.00.

5.     Plaintiff avers that as a result of the ineffective repair attempts made by Manufacturer, the XK8 cannot be utilized for personal, family and household use as intended by Plaintiff at the time of acquisition.

6.     In consideration for the purchase of the XK8, Manufacturer issued and supplied to Plaintiff several written warranties, including a three (3) year or thirty-six thousand (36,000) mile factory warranty, as well as other standard warranties fully outlined in the Manufacturer's New Vehicle Limited Warranty booklet.

7.     On or about January 15, 2000, Plaintiff took possession of the XK8 and shortly thereafter experienced the various defects and nonconformities listed below that substantially impair the use, value and/or safety of the XK8.

8.     The nonconformities and defects described below violate the express written warranties issued to Plaintiff by Manufacturer.

9.     Plaintiff delivered the XK8 to Manufacturer on numerous occasions.

10.     Plaintiff avers that the XK8 has been subject to repair at least two (2) times for the same defect, and that the defect remains uncorrected.

11.     Plaintiff brought the XK8 to Seller and/or an authorized service dealer of

Manufacturer for various defects and nonconformities, including but not limited to:

       a.     Defective suspension as evidenced by clunking noise while in reverse;
       b.     Water leaks;
       c.     Defective transmission as evidenced by vibration;
       d.     Defective door as evidenced by wind noise, and difficulty to close;
       e.     Defective alignment; and
       f.     Any additional defects as contained on repair orders of Defendant's
          authorized dealerships.

12.     After a reasonable number of attempts to cure the defects and nonconformities in

Plaintiff's XK8, the Manufacturer was unable and/or has failed to repair the defects or the

nonconformities or to replace the XK8, as provided in the written warranties.

13.     Plaintiff justifiably lost confidence in the XK8's safety and reliability, and said

defects and nonconformities have substantially impaired the value of the XK8 to Plaintiff.

14.     Said defects and nonconformities could not reasonably have been discovered by

Plaintiff prior to Plaintiff's acceptance of the XK8.

15.     As a result of these defects, Plaintiff revoked his acceptance of the XK8 in writing

on.

16.     At the time of revocation, the XK8 was in substantially the same condition as at

delivery except for damage caused by its own defects, non-conformities and ordinary wear and

tear.

17.     Manufacturer refused Plaintiff's revocation of acceptance, and continues to refuse

to provide Plaintiff with the remedies to which Plaintiff is entitled upon revocation.

19.     The XK8 remains in a defective and unmerchantable condition, and continues to

exhibit the above mentioned defects and nonconformities that substantially impair its use, value

and/or safety.

20.     Plaintiff has been and will continue to be financially damaged due to

Manufacturer's intentional, reckless, wanton and negligent failure to comply with the provisions

of its express and implied warranties.

## COUNT I
## BREACH OF WRITTEN WARRANTY
## PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT
## MANUFACTURER

21.     Plaintiff re-alleges and incorporates by reference as though fully set forth herein,

paragraphs 1-20 of this complaint.

22.     Plaintiff is a purchaser of a consumer product who received the XK8 during the

duration of a written warranty period applicable to the XK8 and who is entitled by the terms of

the written warranty to enforce against Manufacturer the obligations of said warranty.

23.     Manufacturer is a person engaged in the business of making a consumer product

directly available to Plaintiff.

24.     Seller is an authorized dealership/agent of Manufacturer designated to perform

repairs on vehicles under Manufacturer's automobile warranties.

25.     The Magnuson-Moss Warranty Act, Chapter 15 U.S.C.A., Section 2301, et. seq.

("Warranty Act") is applicable to Plaintiff's Complaint in that the XK8 was manufactured and

sold after July 4, 1975, and costs in excess of ten dollars ($10.00).

26.     Plaintiff's purchase of the XK8 was accompanied by written factory warranties for

any nonconformities or defects in material or workmanship, comprising an undertaking in

writing in connection with the purchase of the XK8 to refund, repair, replace, or take other

remedial action free of charge to Plaintiff with respect to the XK8 in the event that the XK8

failed to meet the specifications set forth in said undertaking.

27.    Said warranties were the basis of the bargain of the contract between the Plaintiff and Manufacturer for the sale of the XK8 to Plaintiff.

28.    Said purchase of Plaintiff's XK8 was induced by, and Plaintiff relied upon, these written warranties.

29.    Plaintiff has met all of her obligations and preconditions as provided in the written warranties.

30.    As a direct and proximate result of Manufacturer's failure to comply with its express written warranties, Plaintiff has suffered damages and, in accordance with 15 U.S.C. § 2310(d)(1), Plaintiff is entitled to bring suit for such damages and other legal and equitable relief.

31.    Plaintiff avers that upon successfully prevailing upon the Magnuson-Moss Warranty Act claim herein, all attorneys' fees are recoverable and are demanded against Manufacturer.

WHEREFORE, Plaintiff prays for judgment against Manufacturer as follows:

a.    Return of all monies paid, diminution in value of the vehicle, and all incidental and consequential damages incurred;

b.    All reasonable attorneys' fees, witness fees and all court costs and other fees incurred; and

c.    Such other and further relief that the Court deems just and appropriate.

## COUNT II
## BREACH OF IMPLIED WARRANTY
## PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT
## MANUFACTURER

32.    Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-20 of this complaint.

33.     The XK8 purchased by Plaintiff was subject to an implied warranty of merchantability as defined in 15 U.S.C. § 2301(7) running from the Manufacturer to the intended consumer, Plaintiff herein.

34.     Manufacturer is a supplier of consumer goods as a person engaged in the business of making a consumer product directly available to Plaintiff.

35.     Manufacturer is prohibited from disclaiming or modifying any implied warranty when making a written warranty to the consumer or when Manufacturer has entered into a contract in writing within ninety days from the date of purchase to perform services relating to the maintenance or repair of a motor vehicle.

36.     Pursuant to 15 U.S.C. § 2308, Plaintiff's XK8 was impliedly warranted to be substantially free of defects and non-conformities in both material and workmanship, and thereby fit for the ordinary purpose for which the XK8 was intended.

37.     The XK8 was warranted to pass without objection in the trade under the contract description, and was required to conform to the descriptions of the vehicle contained in the contracts and labels.

38.     The above described defects and non-conformities present in the XK8 render the XK8 unmerchantable, unsafe, and thereby not fit for the ordinary and essential purpose for which the XK8 was intended and as represented by Manufacturer.

39.     As a result of the breaches of implied warranty by Manufacturer, Plaintiff is without the reasonable value of the XK8.

40.     As a result of the breaches of implied warranty by Manufacturer, Plaintiff has suffered and continues to suffer various damages.

WHEREFORE, Plaintiff prays for judgment against Manufacturer as follows:

a.   Return of all monies paid, diminution in value of the vehicle, and all
     incidental and consequential damages incurred;

b.   All reasonable attorneys' fees, witness fees and all court costs and other
     fees incurred; and

c.   Such other and further relief that the Court deems just and appropriate.

## COUNT III
## REVOCATION OF ACCEPTANCE PURSUANT TO SECTION 2310(d)
## OF THE MAGNUSON-MOSS WARRANTY ACT
## MANUFACTURER

41.   Plaintiff re-alleges and incorporates by reference as though fully set forth herein,
paragraphs 1-20 of this complaint.

42.   Manufacturer's tender of the XK8 was substantially impaired to Plaintiff.

43.   Manufacturer's tender of the XK8, which was substantially impaired to Plaintiff,
constitutes a violation of 15 U.S.C. § 2310(d).

WHEREFORE, Plaintiff prays for judgment against Manufacturer as follows:

a.   Return of all monies paid, satisfaction of all liens, and all incidental and
     consequential damages incurred;

b.   All reasonable attorneys' fees, witness fees and all court costs and other
     fees incurred; and

c.   Such other and further relief that the Court deems just and appropriate.

## COUNT IV
## VIOLATION OF ILLINOIS NEW VEHICLE
## BUYER PROTECTION ACT
## MANUFACTURER

44.   Plaintiff re-alleges and incorporates by reference as though fully set forth
herein, paragraphs 1-20 of this Complaint.

45.   Plaintiff is a "Consumer" as defined by 815 ILCS 380/2(a).

46.   Manufacturer is a "Purchaser" as defined by 815 ILCS 380/2(e).

47.   The XK8 is a "new vehicle" as defined by 815 ILCS 380/2(c).

48.     The Illinois New Vehicle Buyer Protection Act, 815 ILCS 380 ("Illinois Lemon Law") is applicable to Plaintiff's Complaint in that the XK8 was manufactured, sold and purchased after January 1, 1984.

49.     Plaintiff took delivery of the XK8 on or about October 26, 1999.

50.     The defective XK8 had been subject to repair by Manufacturer four (4) times in the first year/12,000 miles since delivery, and such nonconformity continues to exist.

51.     Manufacturer has been given a reasonable number of attempts to conform the XK8 to its express warranties.

52.     Manufacturer received prior direct written notification of the above-mentioned defects on behalf of Plaintiff on November 6, 2001 and has had an opportunity to correct the alleged defects. (See copy of revocation of acceptance letter, attached hereto and marked as Plaintiff's Exhibit "B").

53.     Manufacturer is unable to conform the XK8 to any of its applicable express warranties.

54.     As a result of said nonconformities, Plaintiff is without the reasonable value of the XK8.

55.     As a result of said nonconformities, Plaintiff has suffered and continues to suffer various damages.

WHEREFORE, Plaintiff respectfully demands this Court to order Manufacturer to either provide Plaintiff with a new vehicle of like model line, or otherwise a comparable motor vehicle as a replacement, or to accept the return of the XK8 from Plaintiff and refund to Plaintiff the full price of the XK8, including all collateral charges and attorneys' fees incurred by Plaintiff.

Respectfully Submitted,
**DONALD SCHIMMER**


By:_____
          Attorney for Plaintiff

KROHN & MOSS, LTD.
Attorneys for Plaintiff
120 West Madison Street, 10th Floor
Chicago, Illinois 60602
(312) 578-9428
I.D. No. 33599

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## LAW DIVISION, COUNTY DEPARTMENT

DONALD SCHIMMER,　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　vs.　　　　　　　　　　　)　　　No.
　　　　　　　　　　　　　　　　)
JAGUAR CARS, INC.　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　)

### SUPREME COURT RULE 222 AFFIDAVIT

NOW COMES the Plaintiff, DONALD SCHIMMER, by and through his attorneys,

KROHN & MOSS, LTD., and pursuant to Supreme Court Rule 222 states as follows:

Plaintiff's attorney, first being duly sworn on oath, depose and state as follows:

1.　　That I am one of the attorneys representing the Plaintiff with regards to the above-captioned matter.

2.　　I have personal knowledge regarding the facts and circumstances of the above-captioned matter.

3.　　The Plaintiff in the case seeks money damages greater than $50,000.00.

4.　　Upon information and belief, I value the claim of Plaintiff to be greater than $50,000.00.

5.　　Further Affiant sayeth not.

By:_____
　　　　Attorney for Plaintiff

**EXHIBIT A**

THE PURCHASER AUTHORIZES THE DEALER TO INSTALL THE OPTIONAL EQUIPMENT, ACCESSORIES AND SERVICES HEREON DESCRIBED, AND TO PLACE THE INSURANCES HEREON CHECKED; ACKNOWLEDGES RECEIPT OF THIS CAR AND A COPY OF THIS INVOICE.

PURCHASER'S SIGNATURE _____ Jim Wolf (AGENT)

**VEHICLE INVOICE**

NISSAN VOLVO

**STAN MIZE**
**Towne & Countree Auto Sales, Inc.** JAGUAR

67th Place & Rt. 41
Schererville, Indiana 46375-0437
Phone (219) 865-3600 · Chgo. (708) 474-4590 · 1-800-835-3080
Fax (219) 865-4044 · WWW.TOWNECOUNTREE.COM

DN 32461 6951300
STK NO 14423
DATE 01/15/2000

SALESMAN: [ ]

**014380**

| YEAR | MAKE | | | | | |
|---|---|---|---|---|---|---|
| | JAGUAR | | | | | |

| TITLE | VIN | | MODEL | | |
|---|---|---|---|---|---|
| | SAJJA2CC7YNA04212 | | XK8 | | |

SOLD TO: TROUBELA, L
ADDRESS: P.O. BOX 80
SCHERER, INC.

815 639-9343

| COLOR: TOPAZ | UPHOLSTERY | BODY STYLE | NEW OR USED | KEY NO. |
|---|---|---|---|---|
| | CV | | NEW | |

TRANSMISSION NO.

**NEW VEH. – DEALER INSTALLED:**

DEALER INSTALLED OPTIONS
CN 108805

**NEW VEH. – FACTORY INSTALLED:**

☐ GROUP 10 MILES
☐ COLLISION – AMT. DEDUCT.
☐ FIRE AND THEFT

**OPTIONAL EQUIPMENT AND ACCESSORIES**

DESCRIPTION | PRICE

**INSURANCE COVERAGE INCLUDES**
☐ PUBLIC LIABILITY – AMT.
☐ PROPERTY DAMAGE – AMT.

| PRICE OF VEHICLE | | TIRE TAX | 69513.00 |
|---|---|---|---|

| DELIVERED PRICE | | | 69513.00 |
| EXTRAS: | | | |
| OPTIONAL EQUIP. & ACC. | | | |
| FACTORY INSTALLED | | | |
| DEALER INSTALLED | | | |
| SALES TAX | | | |
| TOTAL CASH PRICE | | | 69513.00 |
| COST OF FINANCING | | | |
| COST OF INSURANCE | | | |
| TOTAL TIME PRICE | | | 69513.00 |
| SETTLEMENT: | | LIEN AMT | NONE |
| DEPOSIT | | | |
| CASH ON DELIVERY | | | |
| TRADE-IN | | | |
| LESS LIEN | | | |

**USED VEH. – TRADE-IN:**

"THE MANUFACTURER'S WARRANTY CONSTITUTES ALL OF THE WARRANTIES WITH RESPECT TO THE SALE OF THIS PRODUCT. THE SELLER HEREBY EXPRESSLY DISCLAIMS ALL WARRANTIES EITHER EXPRESS OR IMPLIED INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE AND THE SELLER NEITHER ASSUMES NOR AUTHORIZES ANY OTHER PERSON TO ASSUME FOR IT ANY LIABILITY IN CONNECTION WITH THE SALE OF THIS PRODUCT."

| YEAR | MAKE | MODEL | BODY |
|---|---|---|---|
| N/A | | | |

| VIN | |
|---|---|
| PAYMENTS: | AT $ |
| | AT $ |
| | AT $ |

DEC. 2 1999 2:55PM

NISSAN
VOLVO

OTAN MIZE
**TOWNE & COUNTREE AUTO SALES, Inc.**
Phone: (219) 865-3600 Chgo. (708) 474-4590
1-800-XXX-XXXX Fax (219) 865-4044 WWW.TOWNECOUNTREES.COM

JAGUAR

**MOTOR VEHICLE
CONTRACT OF SALE
(ORDER)**

Order Date NOV. 26, 1999

Sus. Phone RES-439-97XX

P.O. BOX 80

Salesperson

| YEAR | MAKE | SERIES | BODY TYPE |
|---|---|---|---|
| 2000 | JAGUAR | XK-8 | CONVERT |
| COLOR | UPPER | STOCK NUMBER | ORDERED |
| TOPAZ | LOWER | | |

9568

**ACCESSORIES:**
WIND MILL BOOKANLET
NAVIGATION SYSTEM
PREMIUM SOUND PACKAGE
18" SPORT ALLOY WHEELS

| | | |
|---|---|---|
| Trade Owner | | |
| Make Of Trade In | | |
| Year | Body Type | |
| Motor/Vin # | Color | |
| Mileage At Appraisal | | |
| V.I.N. # | | |
| Balance Owed (Good Until) | | $ |
| Balance Owed To | Verified By | |
| Auth/Tel # | Acct. # | |
| Trade-In Allowance | $ | |
| Cash Deposit With Order (Receipt # ) | 5000 00 | |
| Other (Receipt # ) | | |
| **TOTAL CREDITS** (Transfer To Left Column) | $ 5000 00 | |

Purchaser is responsible for and shall pay the amount if any by which the Balance or Good Until the Tradecin exceeds the Trade-In Allowance.

**WARRANTY INFORMATION**

VEHICLE: THE NEW WRITTEN WARRANTY COVERING THE VEHICLE IS SUBJECT TO THE VEHICLE AND FACTORY INSTALLED ACCESSORIES IS THE MOST RECENT APPLICABLE PRINTED WARRANTY WHICH IS MADE SOLELY BY THE DEALER INSTALLED ACCESSORIES ARE NOT INCLUDED IN THE MANUFACTURER'S WARRANTY ON THE VEHICLE AND MAY OR MAY NOT BE INCLUDED IN SEPARATE WRITTEN WARRANTIES WHICH ARE MADE SOLELY BY MANUFACTURERS OTHER THAN THE ACCESSORY MANUFACTURER.

USED: IF THE VEHICLE IS A USED VEHICLE, THE VEHICLE IS SOLD BY DEALER AS IS - WITH ALL FAULTS.

USED OR DEMONSTRATOR: THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

ALL VEHICLES: WHETHER THE VEHICLE IS NEW, A DEMONSTRATOR NO MATTER WHAT THE WARRANTIES WRITTEN, EXPRESS OR IMPLIED, INCLUDING THE IMPLIED WARRANTY OF MERCHANTABILITY, THE DEALER AND/OR MANUFACTURER SHALL NOT BE EXPRESSLY EXCLUDES ANY LIABILITY TO THE PURCHASER FOR ANY CONSEQUENTIAL DAMAGES, DAMAGES TO PROPERTY OR INCONVENIENCE OR ANY OTHER INCIDENTAL DAMAGES ARISING OUT OF THE PURCHASE OR OPERATION OF THE VEHICLE.

| | |
|---|---|
| TOTAL ACCESSORIES | $ |
| | 108,000 00 |
| | 68,663 00 |
| DEALER DOC/LIC./FEE | $ N/A |
| LICENSE/LIC. TAX | $ N/A |
| SALES TAX (COMPUTED @ 8% OR AS TAX LINE) | $ 1,91,63 00 |

FROM : SCHIMMER                    FAX NO. : 8155397239              Feb. 20 2002 12:28PM  P1

| PLUS TOTAL CREDITS (TRANSFERRED FROM AT COLUMN) | *500950 |
| BALANCE DUE ON DELIVERY | *3663 00 |

Terms of Payment of Balance Due on Delivery:
☐ CASH $ _____   ☐ CONSUMER CREDIT FINANCING
                                    BY OR THROUGH DEALER.

Purchaser acknowledges that the Additional Terms and Conditions printed on the reverse side of this Order are a part of this Order. Both sides of this Order constitute a single agreement which supersedes any prior agreement or understanding between Dealer and Purchaser. Purchaser acknowledges reading, understanding and accepting this Order; and the Additional Terms and Conditions printed on the reverse side of this Order are receipt of a completed and signed copy of this Order. This Order shall not become a binding agreement unless accepted in writing by Dealer or an authorized representative of Dealer.

THE ADDITIONAL TERMS AND CONDITIONS ON THE REVERSE SIDE OF THIS ORDER AND IN ANY SERVICE CONTRACT ARE INCORPORATED BY REFERENCE AND ARE A PART OF THIS ORDER.

BEFORE SIGNING READ BOTH SIDES OF THIS ORDER AND ANY SERVICE CONTRACT CAREFULLY.

ACCEPTED

By _____   Title  MGR                    _____

THIS ORDER IS AN OFFER BY PURCHASER TO BUY THE VEHICLE. IF THE OFFER IS ACCEPTED BY THE DEALER IT BECOMES A COMPLETE CONTRACT OF SALE AND THE DEALER HAS NO OBLIGATION OR RESPONSIBILITIES NOT EXPRESSLY SET FORTH IN THE ORDER.

SAJJA42C7YNA04212

$60,483

68,513   invoice $850
                    Frt

**EXHIBIT B**

# *Krohn & Moss, Ltd.*

*Main Office*
*120 West Madison, 10ᵗʰ Floor*
*Chicago, Illinois 60602*
*www.consumerlawcenter.net*

*Writer's Direct Number*
*(312) 578-9428 Ext. 216*
*Writer's Direct Facsimile*
*(312) 896-5969*
*Writer's Direct E-Mail*
*gmoss@consumerlawcenter.net*

*Licensed to Practice in Illinois*

*Also Located In:*
*Arizona*
*Georgia*
*Indiana*
*Ohio*
*Wisconsin*

November 6, 2001

Jaguar Cars
Attn: Legal Department
555 MacArthur Blvd.
Mahwah, NJ 07430-2327

RE:  Donald Schimmer v. Jaguar Cars
Our Client:        Donald Schimmer
Vehicle:           2000 Jaguar XK8
Date of Delivery:  January 15, 2000
VIN:               SAJJA42C7YNA04212
Our File No.:      I0110702L

Dear Sir or Madam:

Please be advised that this office represents the above-named individual regarding claims against Jaguar Cars pursuant to the Federal Magnuson-Moss Warranty Act and the Uniform Commercial Code with regard to the above-listed vehicle. Please direct all future contacts and correspondence to the office listed above.

HAVING BEEN FORMALLY NOTIFIED OF OUR REPRESENTATION, YOU ARE INSTRUCTED NOT TO CONTACT OUR CLIENT UNDER ANY CIRCUMSTANCES. DIRECT ALL INQUIRIES TO THIS OFFICE. IF YOU FAIL TO ACT IN CONFORMITY WITH THIS DIRECTIVE, INJUNCTIVE RELIEF WILL BE SOUGHT AGAINST YOU.

IN ADDITION, YOU ARE HEREBY NOTIFIED OF OUR ATTORNEYS' LIEN.

There were numerous non-conformities with my client's automobile for which relief is sought, and numerous attempts to repair the vehicle have been unsuccessful. There were also numerous violations of both Federal and State law in connection with the delivery and/or repair of the aforementioned vehicle. The primary non-conformities and violations include, but are not limited to:

Page 2                                    November 6, 2001

1.        Defective suspension as evidenced by clunking noise while in reverse;

2.        Water leaks;

3.        Defective transmission as evidenced by vibration;

4.        Defective door as evidenced by wind noise, and difficulty to close; and

5.        Defective alignment.

The non-conformities listed above constitute a substantial impairment of the use, value and safety of the subject vehicle. Accordingly, my client has had enough! Because of the inordinate amount of repairs within the applicable warranty period, my client has justifiably lost confidence in the vehicle.

As I am sure you are aware, the "Shaken Faith" doctrine under the U.C.C. states:

"For a majority of people the purchase of a new car is a major investment, rationalized by the peace of mind that flows from its dependability and safety. Once their faith is shaken, the vehicle loses not only its real value in their eyes, but becomes an instrument whose integrity is substantially impaired and whose operation is fraught with apprehension."
Zabriskie Chevrolet, Inc. v. Smith

Other courts have gone on to state that the vehicle owner that was plagued by a series of annoying minor defects which were never repaired after a number of attempts, could revoke. See Durfee v. Rod Baxter Imports.

Concerning the amount of grief a person need take with a vehicle, one court expressed the consumers lament in the following manner:

There comes a time when enough is enough - when an automobile purchaser, after having to take his car into the shop for repairs an inordinate number of times and experiencing all of the attendant inconvenience, is entitled to say, "That's all," and revoke, notwithstanding the seller's repeated good faith efforts to fix the car. Rester v. Morrow.

My client's repair history clearly shows there was a breach of the written warranty "based upon the generally accepted rule that an unsuccessful effort to remedy defects found to exist renders the warrantor liable; the buyer is not bound to allow him the opportunity or permit him to tinker with the article indefinitely in the hope that it may ultimately be made to comply with the warranty." Kure v. Chevrolet Motor Division, 581 P.2d 603, 608.

Therefore, you are hereby notified that my client is revoking his acceptance of the vehicle. He has directed us to demand the return of all funds paid towards this vehicle, the cancellation of the contracts, and compensation for his damages.

Please be advised that under U.C.C. § 2-711(3) my client has a security interest in the car for return of the total amount above, plus expenses in handling and inspecting the car. Until you pay this amount, my client will hold the car and use it to the extent necessary to preserve it, to protect its security interest, and to minimize your damages. Moreover, my client needs return of the monies listed above before substitute goods can be acquired. In addition, any attempt by you or your agents to repossess the car will be wrongful and will subject you to liability for conversion and for wrongful repossession under U.C.C. §§ 9-503 and 9-507 as well as other applicable Illinois Consumer Fraud remedies.

Page 3                    November 6, 2001

If the seller [or, if applicable the assignee, or any creditor subject to the FTC Holder Rule] has filed a financing statement covering the goods, I demand, pursuant to U.C.C. § 9-404, that you file a termination statement within ten days to terminate your security interest and forward a copy to this office. Since my client has revoked acceptance, there is no outstanding secured obligation. If you do not file a termination statement within ten days and cooperate in removing the lien, you will be liable under U.C.C. § 9-404(1) in the amount of $100.00 plus any loss caused my client by your failure.

To avoid any further litigation, my client merely requests a refund for the defective product and will waive any incidental and consequential damages at this point. Our attorneys' fees are minimal at this stage and we would prefer to resolve this matter without the need for any more time spent on our part or on the part of your attorneys. Think of the time, money and effort both sides would save with a quick resolution of this claim.

Accordingly, if you wish to resolve this matter amicably, please feel free to contact my office within fourteen (14) days. If the matter has not been resolved within that time, we will file a formal claim.

Sincerely,

Gregory H. Moss
Attorney at Law

GM/sra

STATE OF ILLINOIS      )
                               ) SS.
COUNTY OF COOK      )

## CERTIFICATE OF SERVICE

      I, the undersigned, a non-attorney, certify that I served the above and foregoing NOTICE OF FILING and NOTICE OF REMOVAL by mailing a copy to the below-listed party of record by depositing the same in the U.S. Mail located at 2 North LaSalle Street, Chicago, Illinois before the hour of 5:00 p.m. on the _14_ day of March, 2003 with proper postage prepaid.

[ X ] Under penalties as provided by law pursuant to
     Section 1-109 of the Illinois Code of Civil
     Procedure, I certify that the statements set forth
     herein are true and correct.

**Service List:**

Mr. Adam Krohn
Krohn & Moss, Ltd.
120 West Madison Street, 10th Floor
Chicago, IL  60602

NGEDOCS:825312.1

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS
DONALD SCHIMMER

'03 MAR 14 PM 3:20

CLERK
U.S. DISTRICT COURT

DOCKETED
MAR 17 2003

## DEFENDANTS
JAGUAR CARS, INC.

# 03C 1884

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  LaSalle, IL
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Krohn & Moss, Ltd.
120 W. Madison St., 10th Floor
Chicago, IL  60602 (312) 578-9428

ATTORNEYS (IF KNOWN)
Timothy Ray          (312) 269-8456
Neal, Gerber & Eisenberg
2 N. LaSalle Street, Ste. 2300
Chicago, IL  60602

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  U.S. Government
    Plaintiff

☐ 2  U.S. Government
    Defendant

☒ 3  Federal Question
    (U.S. Government Not a Party)

☐ 4  Diversity
    (Indicate Citizenship of Parties
    in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                                AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original
    Proceeding

☒ 2 Removed from
    State Court

☐ 3 Remanded from
    Appellate Court

☐ 4 Reinstated or
    Reopened

☐ 5 Transferred from
    another district
    (specify)

☐ 6 Multidistrict
    Litigation

☐ 7 Appeal to District
    Judge from
    Magistrate
    Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Plaintiff alleges breach of written and implied warranty under Magnuson-Moss Warranty Act, 15 USC 2301, et seq.

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES  ☐ NO

## VIII. This case
☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE
3/14/03

SIGNATURE OF ATTORNEY OF RECORD
Timothy Ray

UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

In the Matter of

DONALD SCHIMMER vs. JAGUAR CARS, INC. **DOCKETED**

MAR 1 7 2003

Case Number: **03**C **1884**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

JAGUAR CARS, INC..

JUDGE AMY ST. EVE

MAGISTRATE JUDGE BOBRICK

| (A) | (B) |
|---|---|
| SIGNATURE *Timothy Ray* | SIGNATURE *Tom Noble* |
| NAME Timothy Ray | NAME Thomas Noble |
| FIRM Neal, Gerber & Eisenberg | FIRM Neal, Gerber & Eisenberg |
| STREET ADDRESS 2 N. LaSalle Street, Ste. 2300 | STREET ADDRESS 2 N. LaSalle Street, Ste. 2300 |
| CITY/STATE/ZIP Chicago, IL 60602 | CITY/STATE/ZIP Chicago, IL 60602 |
| TELEPHONE NUMBER (312) 269-8456 | TELEPHONE NUMBER (312) 269-8400 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) ARDC: 6230099 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) ARDC: 6275600 |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [X] NO [ ] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [X] NO [ ] |
| | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [X] |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES [ ] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [ ] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

1-3