Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1884 | **DATE** | 7/1/2003 |
| **CASE TITLE** | Schimmer vs. Jaguar Cars | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Jaguar's 12(b)(6) motion to dismiss is granted in part and denied in part. It is granted with respect to Counts II and IV and denied with respect to Count III.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 2 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | 17 |
| | Copy to judge/magistrate judge. | | | |
| | TH✓ | courtroom deputy's initials | 03 JUL -1 PM 5:00 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DONALD SCHIMMER, | ) | |
| Plaintiff, | ) ) ) | JUL 2 - 2003 |
| v. | ) ) | No. 03 C 1884 |
| JAGUAR CARS, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER       JUL 2  2003

AMY J. ST. EVE, Judge:

After a series of failed repair attempts on his 2000 XK8 Jaguar ("XK8"), Donald Schimmer ("Schimmer") filed a four-count complaint against Jaguar Cars, Inc. ("Jaguar"), the manufacturer of Schimmer's XK8. Schimmer's complaint charges Jaguar with breaching express and implied warranties under state and federal law, and requests Jaguar's revocation of acceptance of the sales contract for the XK8. Jaguar moves to dismiss counts II-IV of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for Schimmer's failure to state a claim upon which relief can be granted. For the reasons stated herein, Jaguar's motion is granted in part and denied in part.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint, not the merits of a claim. *Triad Assoc., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989); *Soldinger Assoc., Ltd. v. Aston Martin Lagonda of N. Am., Inc.*, No. 97 C 7792, 1988 U.S. Dist. LEXIS 3988 at *4 (N.D. Ill. March 27, 1998). In evaluating a 12(b)(6) motion, a court examines the facts alleged in the complaint and draws all reasonable inferences from those facts in the

plaintiff's favor. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). Dismissal is appropriate only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999).

A complaint need not set out in detail the facts upon which a plaintiff bases his claim. *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985). A complaint, however, must "include either direct or inferential allegations with respect to all material elements of the claims asserted." *Indus. Hard Chrome, Ltd. v. Hetran, Inc.* 64 F.Supp.2d 741, 744 (N.D. Ill. 1999) (citing *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991)). Attaching bare legal conclusions to narrated facts fails to satisfy federal pleading requirements. *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir. 1985).

## ALLEGATIONS

### I. Schimmer Purchased an Allegedly Defective XK8

On January 15, 2000, Schimmer purchased a 2000 Jaguar XK8 from Town & Countree Auto Sale, Inc., an authorized Jaguar dealership, for $69, 513.00. (R. 1-1, Compl. ¶¶ 2-4.) Schimmer's purchase included a limited manufacturer's warranty for three years or 36,000 miles stating that Jaguar would "refund, repair, replace or take other remedial action free of charge to Plaintiff with respect to the XK8" should the XK8 fail to meet warranty specifications. (*Id.* at ¶¶ 5, 26.) Shortly after taking possession of the XK8, Schimmer alleges that he experienced a series of defects and nonconformities in violation of Jaguar's express warranties to Schimmer. (*Id.* at ¶¶ 7-8.) These defects and nonconformities included the following: a defective suspension as evidenced by clunking noise while in reverse; water leaks; a defective

transmission as evidenced by vibration; a defective door as evidenced by wind noise and difficulty to close; defective alignment; and others. (*Id.* at ¶ 11.)

## II. Jaguar Made Numerous Repair Attempts to No Avail

Schimmer claims that he took the XK8 in for repairs on "numerous occasions," including at least four times in the first year, and that at least two of those occasions involved repairing the same defect, which still remains uncorrected. (*Id.* at ¶¶ 9-10, 50.) Schimmer further alleges that Jaguar has failed to repair the XK8's various defects and nonconformities, despite Jaguar's reasonable number of repair attempts. (*Id.* at ¶ 12.) Schimmer also claims that these defects and nonconformities "substantially impair the use, value and/or safety of the XK8," that he has lost confidence in the vehicle, and that Jaguar's failure to honor its warranty has financially damaged him. (*Id.* at ¶¶ 7, 13, 20.)

## III. Schimmer Attempted to Revoke His Acceptance of the XK8

Schimmer attempted to revoke his acceptance of the XK8, but Jaguar has refused to accept his revocation. (*Id.* at ¶¶ 15-17.) Jaguar also refused to provide Schimmer with any of the remedies revocation would provide. (*Id.* at ¶ 17.)

## IV. Schimmer Filed the Complaint

Based on Jaguar's above-related actions, Schimmer filed a four-count complaint against Jaguar in the Circuit Court of Cook County on February 13, 2003. On March 17, 2003, Jaguar removed that action to federal court. Count I alleges that Jaguar has breached its express warranty to Schimmer in violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 ("Magnuson-Moss Act"). Count II alleges that Jaguar breached the implied warranty of merchantability in violation of the Magnuson-Moss Act. Count III alleges revocation of acceptance pursuant to § 2310(d) of the Magnuson-Moss Act. Finally, Count IV alleges that

3

Jaguar has violated the Illinois New Vehicle Buyer Protection Act, 815 ILCS 380 ("Illinois Lemon Law"). Jaguar seeks to dismiss counts II through IV of the complaint.

## ANALYSIS

### I. Jurisdiction

Under the Magnuson-Moss Act, an individual buyer is entitled to file suit in federal court if a warrantor violates a written or implied warranty or fails to meet other Magnuson-Moss Act obligations and if the amount in controversy exceeds $50,000. Schimmer has alleged breach of express and implied warranties and requests revocation pursuant to the Act. Schimmer also alleges damages of at least $69,513.00. Because Schimmer's claims meet the Magnuson-Moss Act's requirements for federal jurisdiction, they are properly before the Court. Additionally, Schimmer's state law claim under the Illinois Lemon Law qualifies for supplemental jurisdiction under 28 U.S.C. § 1367.

### II. Count II is Dismissed for Lack of Privity

Section 2301(7) of the Magnuson-Moss Act dictates that a buyer may avail himself of any implied warranties "arising under State law." 15 U.S.C. § 2301(7). Illinois law generally requires privity to sustain implied warranty claims when a plaintiff only alleges economic losses. *See Rothe v. Maloney Cadillac, Inc.*, 119 Ill.2d 288, 292 (1988); *Szajna v. General Motors Corp.*, 115 Ill.2d 294, 311-12 (1986); *Connick v. Suzuki Motor Co., Ltd.*, 275 Ill.App.3d 705, 716-17 (1995); *Devens v. Chrysler Corp.*, No. 87 C 8820, 1988 WL 53243 at *3 (N.D. Ill. May 18, 1988). In fact, the Illinois Supreme Court has explicitly declined to abolish the privity requirement in implied-warranty economic loss cases. *Szajna*, 115 Ill.2d at 311.

The Seventh Circuit has not yet addressed the privity requirement in implied-warranty economic loss cases brought under the Magnuson-Moss Act. Several courts in this District have

followed the Second Circuit's interpretation of the availability of implied warranties under the Magnuson-Moss Act in *Abraham v. Volkswagen of America*, 795 F.2d 238, 247-48 (2d. Cir. 1986). *See Pederson v. Monaco Coach Corp.*, No. 02 C 7486, 2002 WL 31834679 at *1 (N.D. Ill. Dec. 12, 2002); *Kowalke v. Bernard Chevrolet, Inc.*, No. 99 C 7980, 2000 U.S. Dist. LEXIS 7154 at *13-14 (N.D. Ill. March 23, 2000); *Soldinger Assoc., Ltd. v. Aston Martin Lagonda of N. Am., Inc.*, No. 97 C 7792, 1999 U.S. Dist. LEXIS 14765 at *26-31 (N.D. Ill. Sept. 10, 1999). In *Abraham*, the Second Circuit held that a plaintiff could not bring implied warranty claims under the Magnuson-Moss Act if state law privity requirements barred the claim under state law. *See Abraham*, 795 F.2d at 247-48. This Court is persuaded by the reasoning in *Abraham* and those cases following it. Because Illinois law requires privity in implied warranty economic loss cases, privity is required for such cases under the Magnuson-Moss Act.

Although the Illinois Supreme Court in *Szajna* and *Rothe* determined that the Magnuson-Moss Act allows buyers to make implied warranty claims against manufacturers where manufacturers have provided buyers with written warranties,[1] the Court is not persuaded by their interpretation of federal law. *See Soldinger*, 1999 U.S. Dist. LEXIS 14765 at *26-31. Moreover, the Illinois Supreme Court's interpretation of federal law is not binding on this Court. *RAR, Inc. v. Turner Diesel*, 107 F.3d 1272, 1275-76 (7th Cir. 1997).

In this case, Schimmer and Jaguar are not in privity with each other because Schimmer did not purchase the XK8 from Jaguar. Accordingly, Count II is dismissed.[2]

---

[1] *See Rothe*, 119 Ill.2d at 294; *Szajna*, 115 Ill.2d at 315-16.

[2] Jaguar also contends that Schimmer has not sufficiently pleaded Count II for failing to allege that the XK8 was defective at the time of delivery. (R. 12-1, Def. Mem. at 4.) Having dismissed Count II for lack of privity, the court need not address this argument.

## III. The Magnuson-Moss Act Provides For Revocation

Section 2310(d)(1) of the Magnuson-Moss Act provides that a buyer who has been damaged by a *"supplier, warrantor, or service contractor* . . . may bring suit for damages and other legal and equitable relief." 15 U.S.C. § 2310(d) (emphasis added). Revocation is one form of relief available under Magnuson-Moss Act to a plaintiff should he succeed at trial. *Jones v. Fleetwood Motor Homes,* No. 98 C 3061, 1999 WL 999784 at *2 (N.D. Ill. Oct. 29, 1999); *Soldinger,* 1999 U.S. Dist. LEXIS 14765 at *31-35.

Jaguar contends that because Section 5/2-608 of the Illinois UCC provides that revocation "is not effective until the buyer notifies the *seller* of it," revocation is only available against the seller of a good. (R. 12-1, Def. Mem. at 4.) Schimmer, however, does not seek revocation pursuant to Illinois law. Instead, Schimmer requests revocation under the Magnuson-Moss Act, which explicitly provides a broad range of remedies enforceable against a warrantor. It is clear that the Magnuson-Moss Act provides for revocation of acceptance as a remedy against a warrantor-manufacturer. *See Jones,* 1999 WL 999784 at *2; *Soldinger,* 1999 U.S. Dist. LEXIS 14765 at *31-35. Having provided Schimmer with an express limited warranty, the Court denies Jaguar's motion to dismiss Count III because the Magnuson-Moss Act permits the relief Schimmer seeks.

Further, even if Section 5/2-608 of the Illinois UCC controls whether Schimmer may seek revocation against Jaguar, Illinois law permits Schimmer to do so. *See Lytle v. Roto Lincoln Mercury & Subaru Inc.,* 167 Ill.App.3d 508, 519 (2nd Dist. 1988). Schimmer is only required to allege that the defects have substantially impaired the XK8's value to him, that he could not have discovered the defects prior to his acceptance of the vehicle, that he notified Jaguar of his revocation of acceptance, and that Jaguar has refused to provide him with the

remedies to which he is entitled upon revocation. *See id* (denying summary judgment against both dealer *and manufacturer* with respect to revocation counts where plaintiff met the above pleading requirements for revocation of acceptance) (emphasis added). Schimmer has alleged these elements. (R. 1-1, Compl. ¶¶ 7, 14, 15, 17.) Accordingly, Jaguar's motion to dismiss Count III is denied.

## IV. Repair And Replace Warranties Do Not Fall Within The Scope Of The Illinois Lemon Law

Under the Illinois Lemon Law, if a seller fails "to conform the new vehicle to any of its applicable express warranties," the manufacturer either must replace the vehicle or accept return of the vehicle. 815 ILCS 380(3)(a). The term "express warranty" has the same meaning under the Illinois Lemon Law as it does under the Illinois UCC. 815 ILCS 380(2)(b). Under the Illinois UCC, an express warranty is defined as:

> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
>
> (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.
>
> (c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

810 ILCS 5/2-313(1).

Repair and replace warranties do not fall within the Illinois UCC definition of express warranties. *Cosman v. Ford Motor Co.*, 285 Ill.App.3d 250, 257 (1996); *Voelker v. Porsche Cars N. Am., Inc.*, No. 02 C 4798, 2003 U.S. Dist. LEXIS 1898 at *6-7 (N.D. Ill. Feb. 7, 2003). Repair and replace warranties are not viewed as promises relating to quality. Rather, repair and

7

replace warranties only guarantee that the vehicle will be repaired, replaced, or that defects will be adjusted. *Cosman*, 285 Ill.App.3d at 257; *Voelker*, 2003 U.S. Dist. LEXIS 1898 at *6-7.

In the instant case, Jaguar has only provided Schimmer with a repair and replace warranty. (R. 1-1, Compl. ¶ 26.) That type of warranty does not fall within the Illinois UCC's definition of warranty. Consequently, the Court grants Jaguar's motion to dismiss Count IV of the complaint.

## CONCLUSION

For the reasons stated herein, Jaguar's 12(b)(6) motion to dismiss is granted with respect to Counts II and IV and denied with respect to Count III.

DATED: July 1, 2003          ENTERED

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　AMY J. ST. EVE
　　　　　　　　　　　　　　　　　　United States District Court Judge